# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| CHRISTIAN EMPLOYERS ALLIANCE, on behalf of itself and its members.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; and ANDREA R. LUCAS, in her official capacity as Acting Chair of the United States Equal Employment Opportunity Commission,[1]<br><br>Defendants. | Case No. 25-cv-00007 |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants-the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") and Andrea R. Lucas, in her official capacity as Acting Chair of the EEOC-hereby answer Plaintiff's Complaint, ECF No. 1.

At the outset, Defendants object to Plaintiff's Complaint for failing to set forth a short and plain statement of the claims showing that Plaintiff is entitled to relief, as required by Rule 8(a)(2)

---

[1] Andrea R. Lucas, Acting Chair of the United States of the United States Equal Employment Opportunity Commission, is substituted for former Chair Charlotte Burrows pursuant to Fed. R. Civ. P. 25(d).

of the Federal Rules of Civil Procedure. Plaintiff has set forth 362 paragraphs spanning 52 pages, which, to a large extent, do not contain allegations of fact. Rather, they set forth legal argument and rhetoric unnecessary and inappropriate for a complaint. Accordingly, Defendants are unable to admit or deny paragraphs containing such argument and rhetoric. To the extent the Court requires a response to such argument and rhetoric, Defendants respectfully reserve the right to amend this Answer.

In addition, Plaintiff used headings throughout its Complaint. Defendants frequently used those same headings in the Answer for ease of reference. Defendants' use of Plaintiff's headings should not be interpreted as an admission of or agreement with any language in Plaintiff's headings.

Subject to the foregoing, in response to the numbered paragraphs of the Complaint, Defendants respond as follows, using the same paragraph numbering as does the First Amended Complaint:

1.      This paragraph consists of a characterization of Plaintiff and its legal claims in this action, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

2.      This paragraph contains Plaintiff's characterization of its lawsuit and legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

3.      This paragraph contains Plaintiff's characterization of its lawsuit and legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

4.      This paragraph contains Plaintiff's characterization of the term "EEOC Mandates," its lawsuit, and legal conclusions, to which no response is required. To the extent a response is

deemed necessary, Defendants deny the allegations in this paragraph.

5.      This paragraph contains Plaintiff's characterization of its lawsuit and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

6.      This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required.

7.      This paragraph consists of legal conclusions, to which no response is required.

8.      This paragraph consists of legal conclusions, to which no response is required.

9.      This paragraph consists of legal conclusions, to which no response is required.

10.     This paragraph consists of legal conclusions, to which no response is required.

11.     This paragraph consists of legal conclusions, to which no response is required.

## PARTIES

12.     The first and second sentences of this paragraph consist of Plaintiff's characterization of itself and its work about which Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. The third sentence of this paragraph contains Plaintiff's characterization of its lawsuit, to which no response is required.  To the extent a response is deemed necessary, Defendants also deny the allegations in the third sentence of this paragraph.

13.     This paragraph consists of a characterization of the claims for relief of two of Plaintiff's members, to which no response is required. To the extent a response is deemed necessary,

Defendants deny the allegations in this paragraph.

14. This paragraph contains Plaintiff's characterization of the EEOC's work, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to relevant statutes for a complete and accurate statement of their contents and deny any characterization inconsistent therewith. Defendants deny that Plaintiff represents an accurate address for EEOC. Defendants aver the EEOC's address is 131 M Street NE, Washington DC 20507.

15. With respect to the first sentence of this paragraph, Defendants deny that Charlotte A. Burrows is the EEOC Chair. Defendants aver the Acting Chair is Andrea R. Lucas. This paragraph contains Plaintiff's characterization of the Acting Chair's role, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to relevant statutes for a complete and accurate statement of their contents and deny any characterization inconsistent therewith. Defendants deny that Plaintiff represents an accurate address for the Acting Chair. Defendants aver the EEOC's address is 131 M Street NE, Washington DC 20507.

## ALLEGATIONS OF LAW AND FACT

I.    **Title VII of the Civil Rights Act of 1964**
      **A. Title VII's Prohibition on Sex Discrimination**

16. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

17. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the

Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

18. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

19. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

20. With respect to the first sentence of this paragraph, Defendants admit that the Pregnancy Discrimination Act (PDA) was enacted in 1978. The remainder of this paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

21. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

22. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the

Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

23. This paragraph consists of Plaintiff's characterization of a statute and a legal conclusion, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

24. This paragraph consists of Plaintiff's characterization of unidentified Supreme Court precedents and legal conclusions, to which no response is required.

## B. Enforcement Mechanisms under Title VII and PWFA

25. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

26. Admitted.

27. This paragraph consists of Plaintiff's characterization of a statute and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

28. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

29. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

30. This paragraph consists of Plaintiff's characterization of a statute and a legal conclusion, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

31. This paragraph consists of Plaintiff's characterization of a statute and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

32. This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

33. This paragraph consists of Plaintiff's characterization of a statute and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

34. This paragraph consists of Plaintiff's characterization of a statute and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

35. This paragraph consists of Plaintiff's characterization of statutes and legal conclusions,

to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents and deny any characterization inconsistent therewith.

36. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

## II.    EEOC's Unlawful Gender-Identity Mandate

37. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

38. This paragraph consists of Plaintiff's characterization of EEOC guidance and website documents, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

39. This paragraph contains Plaintiff's characterization of its claims in this lawsuit and legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

40. This paragraph consists of Plaintiff's characterization of its claims in this lawsuit and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

41. This paragraph consists of Plaintiff's characterization of its claims in this lawsuit and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

42. This paragraph consists of Plaintiff's characterization of its claims in this lawsuit and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

43. This paragraph consists of legal conclusions, to which no response is required.


### A. EEOC's Unlawful Website Actions on Gender Identity

44. Denied. Defendants aver that the EEOC website currently states, "[d]iscrimination against an individual because of sexual orientation or transgender status is discrimination because of sex in violation of Title VII." In addition, the website includes a banner at the top of the page stating, "The information on this webpage is being reviewed for compliance with the law and executive orders and will be revised." *Seehttps://www.eeoc.gov/sex-based-discrimination*. "

45. Denied. Defendants aver that the EEOC website currently states, "[i]t is illegal to discriminate . . . [b]ecause of that person's race, color, religion, sex (including transgender status, sexual orientation, and pregnancy) . . . ." *See* https://www.eeoc.gov/prohibited-employment-policiespractices

46. Denied. Defendants aver that the EEOC website currently states, "the law makes it illegal for an employer to make an employment decision because of a person's . . . sex (including transgender status, sexual orientation, and pregnancy) . . . ." *See* https://www.eeoc.gov/prohibited-employment-policiespractices

47. Denied. Defendants aver that the EEOC website currently states, "[t]he laws enforced by EEOC prohibit . . . neutral employment policies and practices that have a disproportionately

negative effect on applicant or employees of a particular . . . sex (including transgender status, sexual orientation, and pregnancy) . . . ." *See* https://www.eeoc.gov/prohibited-employment-policiespractices

48.    Denied. Defendants aver that the EEOC website currently states, "[i]t is illegal to harass an employee because of  . . . [s]ex (including transgender status, sexual orientation, and pregnancy) . . . ." *See* https://www.eeoc.gov/prohibited-employment-policiespractices

49.    Denied. Defendants aver that the EEOC webpage to which this paragraph refers has been removed.

50.    Denied. Defendants aver that the EEOC webpage to which this paragraph refers has been removed.

51.    Denied. Defendants aver that the EEOC webpage to which this paragraph refers has been removed.

52.    Denied. Defendants aver that the EEOC website currently states, "[s]ex discrimination involves treating someone (an applicant or employee) unfavorably because of that person's sex, including the person's sexual orientation, transgender status, or pregnancy." https://www.eeoc.gov/sex-based-discrimination

53.    This paragraph consists of Plaintiff's characterization of a 2021 EEOC document, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

54.    This paragraph consists of Plaintiff's characterization of two district court opinions, to which no response is required.

**B. EEOC's Unlawful Harassment Guidance on Gender Identity**

55. Admitted. Defendants aver that, in addition to publishing the guidance on its website on September 29, 2023, the EEOC published a notice in the Federal Register on October 2, 2023. *See* 88 Fed. Reg. 67750.

56. Defendants admit that the 2024 Guidance was approved by a 3-2 vote of the Commission on April 26, 2024, and that the 2024 Guidance was published on the EEOC's website on April 29, 2024.

57. Denied.

58. This paragraph consists of a characterization of EEOC guidance to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited guidance for a complete and accurate statement of its contents.

59. This paragraph consists of a characterization of EEOC documents and Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the referenced documents and court opinions for complete and accurate statements of their contents and deny any characterizations inconsistent therewith.

60. In this paragraph, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as "2024 Guidance," this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited Enforcement Guidance on Harassment in the Workplace, to which no response is requir4ed; but to the extent a response is

deemed necessary, Defendants respectfully refer the Court to the cited Enforcement Guidance on Harassment in the Workplace for a complete and accurate statement of its contents and deny any characterization inconsistent therewith. In the event Plaintiff is not referring to the EEOC's Enforcement Guidance in the Workplace, to the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

61. In this paragraph, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as "2024 Guidance," this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited Enforcement Guidance on Harassment in the Workplace for a complete and accurate statement of its contents and deny any characterizations inconsistent therewith. In the event Plaintiff is not referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, to the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

62. In this paragraph, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as "2024 Guidance," this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited Enforcement Guidance on Harassment in the Workplace for a complete and accurate statement of its contents and deny any characterizations inconsistent therewith. In the event Plaintiff is not referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, to the extent a response is deemed

necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

63. In this paragraph, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as "2024 Guidance," this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited Enforcement Guidance on Harassment in the Workplace for a complete and accurate statement of its contents and deny any characterizations inconsistent therewith. In the event Plaintiff is not referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, to the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

64. Admitted.

65. Admitted. The Defendants aver that the 2024 Guidance contains a banner across the top identifying a court's ruling vacating certain analyses in the document and Defendants have highlighted the text subject to the court's vacatur. *See Texas, et al. v. EEOC*, 2:24-CV-173 (N.D. Tex. May 15, 2025).

66. Denied. Defendants aver, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as "2024 Guidance," this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace to which no response is required; but to the extent a response is

deemed necessary, Defendants respectfully refer the Court to the Enforcement Guidance on Harassment in the Workplace for a complete and accurate statement of its contents and deny any characterizations inconsistent therein. Defendants have placed a banner at the top of the document identifying that on May 15, 2025, a federal court vacated portions of the document and it has highlighted the text subject to the court's vacatur.  And, in the event Plaintiff is not referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, to the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

67. Denied. Defendants aver, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as "2024 Guidance," this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace to which no response is required; but to the extent a response is deemed necessary, the passage    identified is highlighted, indicating that it already has been subjected to vacatur by another court.

68.  Denied. Defendants aver, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as "2024 Guidance," this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace to which no response is required; but to the extent a response is deemed necessary, the passages concerning bathroom usage and misgendering are highlighted in the document, indicating that it already has been subjected to vacatur by another court.   And, in the event Plaintiff is not referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, to the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

69. Denied. Defendants aver, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as "2024 Guidance," this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace to which no response is required; but to the extent a response is deemed necessary, the passage concerning "pronoun[s]" is highlighted, indicating that it already has been subjected to vacatur by another court. And, in the event Plaintiff is not referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, to the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

70. Denied. Defendants aver, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as "2024 Guidance," this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace to which no response is required; but to the extent a response is deemed necessary, the passage concerning "Stereotyping" is highlighted, indicating that it already has been subjected to vacatur by another court. And, in the event Plaintiff is not referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, to the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.71. Denied. Defendants  aver, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as "2024 Guidance," this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace to which no response is required; but to the extent a response is deemed necessary, the passage concerning "EEOC Authority to Address Harassment Based on Gender Identity Related to Sex-Segregated Facilities ad Pronouns" is

highlighted, indicating that it already has been subjected to vacatur by another court.  And, in the event Plaintiff is not referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, to the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

**C. EEOC's unlawful enforcement actions on gender identity**

72. This paragraph consists of Plaintiff's characterization of EEOC enforcement actions and webpages describing these actions, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited webpages for complete and accurate statements of their contents and deny any characterization inconsistent therewith. Defendants aver that the EEOC has moved to dismiss several of the lawsuits referenced in FN. 9. For accurate and updated information about these actions, Defendants respectfully refer the Court to the dockets of each case.

73. This paragraph consists of Plaintiff's characterization of an EEOC enforcement action and a webpage describing this action, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited webpage for a complete and accurate statement of its contents and deny any characterization inconsistent therewith. Defendants aver that the Defendant has moved to dismiss this case. For accurate and updated information about this action, Defendants respectfully refer the Court to the case docket.

74. This paragraph consists of Plaintiff's characterization of an EEOC enforcement action and a webpage describing this action, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited webpage for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

Defendants aver that Defendant has moved to dismiss this case. For accurate and updated information about this action, Defendants respectfully refer the Court to the case docket.

75. This paragraph consists of Plaintiff's characterization of an EEOC press release, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited press release for a complete and accurate statement of its contents and deny any characterization inconsistent therewith. The Defendant has moved to dismiss this case. For accurate and updated information about this action, Defendants respectfully refer the Court to the case docket.

**D. The EEOC Gender-Identity Mandate's Compliance Cost**

76. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to Title VII for a complete and accurate statement of its contents and deny any characterizations inconsistent therewith.

77. In this paragraph, to the extent Plaintiff is referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, noticed publicly in October 2023, as '2024 Guidance,' this paragraph consists of Plaintiff's characterization of the EEOC's Enforcement Guidance on Harassment in the Workplace to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited Enforcement Guidance on Harassment in the Workplace for a complete and accurate statement of its contents and deny any characterizations inconsistent therewith. On May 15, 2025, a federal court vacated portions of the document as noted in the banner at the top of the document and indicated in the text highlights

therein. In the event Plaintiff is not referring to the EEOC's Enforcement Guidance on Harassment in the Workplace, to the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Further, this paragraph contains Plaintiff's characterization of the term "Gender-Identity Mandate," to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

79. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### III. EEOC's Unlawful PWFA Mandate

**A The PWFA's Legislative Background**

80. This paragraph consists of Plaintiff's characterization of the Pregnant Workers Fairness Act (PWFA), to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the PWFA for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

81. This paragraph consists of Plaintiff's characterizations of the PWFA, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the PWFA for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

82. This paragraph consists of Plaintiff's legal conclusions and characterization of proposed regulations implementing the PWFA, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the PWFA and proposed regulations for complete and accurate statements of their contents and deny any characterization inconsistent therewith.

83. This paragraph consists of Plaintiff's characterization of the PWFA and the final rule, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the PWFA and cited portion of the final rule in the Federal Register for complete and accurate statements of their contents and deny any characterization inconsistent therewith.

84. This paragraph consists of Plaintiff's characterization of the PWFA and the final rule, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the PWFA and cited portion of the final rule in the Federal Register for complete and accurate statements of their contents and deny any characterization inconsistent therewith.

85. This paragraph consists of Plaintiff's characterization of the PWFA and the final rule, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the PWFA and cited portion of the final rule in the Federal Register for complete and accurate statements of their contents and deny any characterization inconsistent therewith.

86. This paragraph consists of Plaintiff's characterization of the PWFA and the final rule, to which no response is required; but to the extent a response is deemed necessary, Defendants

respectfully refer the Court to the PWFA and cited portion of the final rule in the Federal Register for complete and accurate statements of their contents and deny any characterization inconsistent therewith.

87. This paragraph consists of Plaintiff's characterization of the PWFA, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the PWFA for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

88. This paragraph consists of Plaintiff's characterization of the PWFA and a legal conclusion, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the PWFA for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

89. This paragraph consists of Plaintiff's characterization of the Congressional Record, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the Congressional Record for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

90. This paragraph consists of Plaintiff's characterization of the Congressional Record, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the Congressional Record for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

91. This paragraph consists of Plaintiff's characterization of the Congressional Record, to which no response is required; but to the extent a response is deemed necessary, Defendants

respectfully refer the Court to the Congressional Record for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

**B. The House of Representatives' Lack of a Quorum for the PWFA**

92. This paragraph consists of Plaintiff's characterization of the Congressional Record, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the Congressional Record for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

93. This paragraph consists of Plaintiff's characterization of the Congressional Record, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the Congressional Record for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

94. This paragraph consists of Plaintiff's characterization of the Congressional Record, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the Congressional Record for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

95. This paragraph consists of Plaintiff's characterization of the Congressional Record, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the Congressional Record for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

96. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

97. This paragraph consists of Plaintiff's characterization of the Congressional Record, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the Congressional Record for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

98. This paragraph consists of Plaintiff's characterization of a House Resolution, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the House Resolution for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

99. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

100. Admitted. Defendants aver that the Act passed the House on Dec. 23, 2022, and that it became an enrolled bill and was sent to President Biden, who signed it into law on Dec. 29, 2022.

101. This paragraph consists of Plaintiff's characterization of the Constitution and a legal conclusion, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the Constitution for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

102. This paragraph consists of Plaintiff's characterization of the Constitution and a legal conclusion, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the Constitution for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

103. This paragraph consists of Plaintiff's characterization of a 2024 district court opinion, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the opinion for a complete and accurate statement of their contents and deny any characterization inconsistent therewith.

104. Admitted.


## C. EEOC's Unlawful PWFA Abortion Mandate Rule

105. This paragraph consists of Plaintiff's characterization of the PWFA, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the PWFA for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

106. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

107. This paragraph consists of Plaintiff's characterization of an EEOC rule published in the Federal Register, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

108. This paragraph consists of Plaintiff's characterization of an EEOC rule published in the Federal Register, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for

a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

109. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

110. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

111. This paragraph consists of a characterization of an EEOC rule published in the Federal Register, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

112. This paragraph consists of a characterization of an EEOC rule published in the Federal Register, and consists of Plaintiff's legal arguments and conclusions to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

113. The EEOC admits that former Chair Burrows and two other Commissioners voted in favor of issuing the PWFA final rule. The Defendants deny the remainder of the allegations.

114. Admitted.

115. This paragraph consists of legal arguments and conclusions, to which no response is required.

116. Admitted that many members of the public, including CEA, filed public comments opposing relevant portions of the EEOC rule at issue in this case. To the extent this paragraph otherwise characterizes those comments, Defendants respectfully refer the Court to the cited comment for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

117. This paragraph consists of Plaintiff's characterization of Plaintiff's public comment, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to Plaintiff's comment for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

**D. The PWFA's Rule Restrictions on Pro-Life Employers**

118. This paragraph consists of Plaintiff's legal arguments and conclusions, to which no response is required.

119. This paragraph consists of Plaintiff's legal arguments and conclusions, to which no response is required.

120. This paragraph consists of Plaintiff's legal arguments and conclusions, to which no response is required.

121. This paragraph consists of Plaintiff's legal arguments and conclusions, to which no response is required.

122. This paragraph consists of Plaintiff's legal arguments and conclusions, to which no response is required.

123. This paragraph consists of Plaintiff's legal arguments and conclusions, to which no response is required.

124. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

125. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

126. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

127. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

128. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

129. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

130. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

**E. The PWFA Abortion Mandate's Compliance Costs**

131. This paragraph consists of a characterization of the EEOC rule at issue in this case, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the rule for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

132. This paragraph consists of a characterization of the EEOC rule at issue in this case, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

133. This paragraph consists of a characterization of the EEOC rule at issue in this case, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

134. This paragraph consists of a characterization of the EEOC rule at issue in this case and Plaintiff's legal conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

135. This paragraph consists of a characterization of the EEOC rule at issue in this case, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

**IV. EEOC's Failure to Respect Religious-Liberty and Free-Speech Protections**

136. This paragraph consists of characterizations of the EEOC rule, websites, and guidance at issue in this case and legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the rule and guidance at

issue for complete and accurate statements of their contents and deny any characterization inconsistent therewith.

137. This paragraph consists of Plaintiff's characterization of EEOC guidance at issue in this case, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the guidance at issue for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

138. This paragraph consists of Plaintiff's characterization of EEOC guidance at issue in this case, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the guidance at issue for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

139. This paragraph consists of Plaintiff's characterization of EEOC guidance at issue in this case, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the guidance at issue for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

140. This paragraph consists of Plaintiff's characterization of EEOC guidance at issue in this case, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the guidance at issue for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.141. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

142. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

143. This paragraph consists of Plaintiff's characterization of an EEOC rule at issue in this case and Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion in the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

144. This paragraph consists of Plaintiff's characterization of an EEOC rule at issue in this case and Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

145. This paragraph consists of Plaintiff's characterization of an EEOC rule at issue in this case, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

146. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

147. This paragraph consists of Plaintiff's characterization of an EEOC rule at issue in this case, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

148. This paragraph consists of Plaintiff's characterization of an EEOC rule at issue in this case, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

149. This paragraph consists of Plaintiff's characterization of an EEOC rule at issue in this case, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited portion of the Federal Register for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

**V. Christian Employers Alliance**

150. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

151. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

152. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

153. The first and third sentences of this paragraph contain legal arguments and conclusions, to which no response is required. The paragraph otherwise consists of

characterizations of CEA's members, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

154. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of this paragraph. The second sentence of the paragraph consists of legal argument and conclusions, to which no response is required.

155. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

156. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

157. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

158. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

159. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

160. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

161. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

162. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

163. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

164. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

165. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

166. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

167. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

168. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**A. CEA Members' Beliefs Regarding Sex (and So-Called Gender Identity)**

169. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

170. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

171. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### B. CEA Members' Beliefs Regarding Human Life (and Abortion)

172. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

173. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

174. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### C. CEA Members' Required Conduct and Speech with Respect to Gender Transitions and Abortions.

175. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

176. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

177. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

178. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### D. CEA Members' Injuries form EEOC's Mandates

179. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

180. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

181. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. This paragraph otherwise consists of Plaintiff's legal arguments and conclusions, to which no response is required.

182. This paragraph consists of legal argument and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.


**1. Moms for America**

183. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

184. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

185. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

186.  This paragraph consists of a characterization of a website, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited website for a complete and accurate statement of its contents and deny any characterization inconsistent therewith. To the extent this paragraph otherwise characterizes the

views or beliefs of a particular CEA member organization, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

187. This paragraph consists of a characterization of a website, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited website for a complete and accurate statement of its contents and deny any characterization inconsistent therewith. To the extent this paragraph otherwise characterizes the views or beliefs of a particular CEA member organization, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

188. This paragraph consists of a characterization of a press release, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited press release for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.  To the extent this paragraph otherwise characterizes the views or beliefs of a particular CEA member organization, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

189. This paragraph consists of a characterization of a website, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited website for a complete and accurate statement of its contents and deny any characterization inconsistent therewith. To the extent this paragraph otherwise characterizes the views or beliefs of a particular CEA member organization, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

190. This paragraph consists of a characterization of a website, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited website for a complete and accurate statement of its contents and deny any

characterization inconsistent therewith. To the extent this paragraph otherwise characterizes a particular CEA member organization's activities, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

191. This paragraph consists of a characterization of a website, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited website for a complete and accurate statement of its contents and deny any characterization inconsistent therewith. To the extent this paragraph otherwise characterizes a particular CEA member organization's activities, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

192. This paragraph consists of a characterization of a blog post, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited blog post for a complete and accurate statement of its contents and deny any characterization inconsistent therewith. To the extent this paragraph otherwise characterizes a particular CEA member organization's activities, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

193. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

194. This paragraph's characterization of a purported requirement of an EEOC rule amounts to a legal conclusion, to which no response is required. The remainder of the paragraph characterizes the views of a particular CEA member organization, and Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

195. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**2. Predictive Fitness**

196. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

197. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

198. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

199. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**3. The Impact of EEOC's Mandates on Moms for America and Predictive Fitness**

200. This paragraph contains legal argument and conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegation. To the extent the paragraph otherwise characterizes Plaintiff's members, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

201. Defendants lack knowledge or information sufficient to form a belief as to the allegation that the entities have "more than fifteen employees." The remainder of this paragraph consists of a legal conclusion, to which no response is required.

202. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

203. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

204. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

205. To the extent this paragraph characterizes Plaintiff's members' views or beliefs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The remainder of the paragraph consists of legal argument and conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegation.

206. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

207. To the extent this paragraph purports to describe a legal "duty," it consists of a legal conclusion to which no response is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

208. To the extent this paragraph characterizes CEA members, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. This paragraph otherwise consists of Plaintiff's legal arguments and conclusions, to which no response is required.

209. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that the referenced entities have certain desires. This paragraph otherwise consists of Plaintiff's legal arguments and conclusions, to which no response is required.

210. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

211. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

212. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that the referenced entities have certain desires. This paragraph otherwise consists of Plaintiff's legal arguments and conclusions, to which no response is required.

213. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

214. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

215. This paragraph contains a characterization of the EEOC rule at issue in this case, to which no response is required; to the extent a response is deemed necessary, Defendants respectfully refer the Court to the rule for a complete and accurate statement of its contents and deny any characterization inconsistent therewith. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

216. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.


## VI. CEA's Need for Judicial Relief

217. This paragraph consists of Plaintiff's characterization of two district court opinions, to which no response is required.  To the extent a response is deemed necessary, Defendants

respectfully refer the Court to the cited cases for a complete and accurate statement of their contents and deny any characterization inconsistent therewith.

218. This paragraph consists of a legal conclusion, to which no response is required.

219.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph. Defendants aver that the relevant language from the Enforcement Guidance on Harassment in the Workplace has been subjected to vacatur by a federal court. This paragraph otherwise consists of Plaintiff's legal arguments and conclusions, to which no response is required.

220. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  This paragraph otherwise consists of Plaintiff's legal arguments and conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

221. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

222. Defendants admit EEOC is an agency and deny "Defendant Burrows" is its official. Defendants aver Andrea R. Lucas is the Acting Chair of the EEOC.

223. This paragraph consists of Plaintiff's characterization of a rule, a guidance document, and referenced websites, as well as Plaintiff's legal arguments and conclusions to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited rule and documents for a complete and accurate statement of their contents and deny any characterization inconsistent therewith. The Defendants admit that the

PWFA regulation is a rule and deny that the 2024 Harassment Guidance and other documents are rules.

224. This paragraph consists of Plaintiff's characterization of a rule, a guidance document, and referenced websites, as well as Plaintiff's legal arguments and conclusions to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited rule and documents for a complete and accurate statement of their contents and deny any characterization inconsistent therewith. The Defendants admit that the PWFA regulation is a rule and deny that the 2024 Harassment Guidance and other documents are rules.

225. This paragraph consists of Plaintiff's characterization of a statute and a legal conclusion, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

226. This paragraph consists of Plaintiff's characterization of a rule, a guidance document, and referenced websites, as well as Plaintiff's legal arguments and conclusions to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited rule and documents for a complete and accurate statement of their contents and deny any characterization inconsistent therewith. The Defendants admit that the PWFA regulation is a rule and deny that the 2024 Harassment Guidance and other documents are rules.227. This paragraph consists of a legal conclusion, to which no response is required.

228. This paragraph consists of Plaintiff's characterization of a rule, a guidance document, and referenced websites, as well as Plaintiff's legal arguments and conclusions to which no

response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited rule and documents for a complete and accurate statement of their contents and deny any characterization inconsistent therewith. The Defendants admit that the PWFA regulation is a rule and deny that the 2024 Harassment Guidance and other documents are rules.

229. This paragraph consists of a characterization of the EEOC rule, a guidance document, and referenced websites at issue in this case and a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited rule, websites, and guidance for a complete and accurate statement of their contents and deny any characterization inconsistent therewith.

230. This paragraph consists of a characterization of Plaintiff's claims for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny Plaintiff is entitled to the relief sought or any relief.

231. This paragraph consists of a legal conclusion, to which no response is required.

232. This paragraph consists of a legal conclusion, to which no response is required.

233. This paragraph consists of a legal conclusion, to which no response is required.

234. This paragraph consists of legal argument and conclusions, to which no response is required.

**CLAIMS FOR RELIEF**
**COUNT 1**
**EEOC Gender-Identity Mandate**
**Administrative Procedure Act**
**5 U.S.C. § 701, et seq.**

42

235. Defendants incorporate by reference their responses to paragraphs 1-234. 236. This paragraph consists of legal argument and conclusions, to which no response is required.

**A. Statutory Violations**

237. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

238. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

239. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

240. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

241. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

242. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

243. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

**B. Procedural Violations**

244. Admitted.

245. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

246. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations and aver that the EEOC published a notice of the proposed guidance in the Federal Register on October 2, 2023, and received comments through regulations.gov. *See* 88 Fed. Reg. 67750.

247. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

248. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

249. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

## C. Arbitrary and Capricious

250. This paragraph consists of Plaintiff's characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

251. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

252. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

253. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

254. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

255. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

256. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

257. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

258. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

259. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

260. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

**D. Constitutional Violations**

261. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

262. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

263. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

264. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

**COUNT II**
**PWFA Abortion Mandate**
**Administrative Procedure Act**
**5 U.S.C. § 701, et. seq.**

265. Defendants incorporate by reference their responses to paragraphs 1-234.

266. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

**A. Statutory Violations**

267. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

268. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

269. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

270. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

271. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

272. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

273. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

274. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

275. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

276. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

**B. Arbitrary and Capricious**

277. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

278. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

279. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

280. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

281. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

282. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

**C. Constitutional Violations**

283. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

284. This paragraph consists of Plaintiff's characterization of a clause in the U.S. Constitution, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited clause for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

285. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

286. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

287. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

288. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

289. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

290. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

## COUNT III
**EEOC's Gender-Identity Mandate and PWFA Abortion Mandate
Violation of the Separation of Powers**

291. Defendants incorporate by reference their responses to paragraphs 1-234.

292. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

293. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent any response is deemed required, Defendants deny the

allegations.

294. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

295. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

296. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

297. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent any response is deemed necessary, Defendants deny the allegations.

298. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

299. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required. To the extent any response is deemed necessary, Defendants deny the allegations.

300. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

301. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

**COUNT IV**

**EEOC's Gender-Identity Mandate and PWFA Abortion Mandate**

**Violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1,**

302. Defendants incorporate by reference their responses to paragraphs 1-234.

303. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

304. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

305. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

306. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

307. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

308. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

309. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

310. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

311. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

312. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

313. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

314. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

315. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

316. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

317. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

**COUNT V**

**EEOC's Gender-Identity Mandate and PWFA Abortion Mandate**

**Violation of the Free Exercise Clause of the First Amendment**

318. Defendants incorporate their responses to paragraphs 1-234.

319. This paragraph consists of Plaintiff's characterization of the First Amendment to the U.S. Constitution, to which no response is required; but to the extent a response is deemed

necessary, Defendants respectfully refer the Court to the First Amendment for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

320. This paragraph consists of Plaintiff's characterization of its legal claim, to which no response is required.

321. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

322. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

323. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

324.  This paragraph consists of a legal conclusion, to which no response is required.

325. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

326. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

327. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

328. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

329. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

330. This paragraph consists of a characterization of the EEOC rule, websites, and guidance at issue in this case, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents. In all other respects, the EEOC denies the allegations in this paragraph.

331. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

332. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

333. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

334. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

335. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

**COUNT VI**
**EEOC's Gender-Identity Mandate**
**Violation of Free Speech Clause of the First Amendment**

336. Defendants incorporate their responses to paragraphs 1-234.

337. This paragraph consists of Plaintiff's characterization of the First Amendment to the U.S. Constitution, to which no response is required; but to the extent a response is deemed

necessary, Defendants respectfully refer the Court to the First Amendment for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

338. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

339. This paragraph consists of a characterization of EEOC guidance and websites at issue in this case and legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the referenced guidance and websites for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

340. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

341. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

342. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

343. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding CEA members' "views." The remainder of the paragraph consists of legal argument and conclusions, to which no response is required.

344. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

345. This paragraph contains a characterization of EEOC guidance and websites at issue in this case and legal conclusions, to which no response is required. To the extent a response is

deemed necessary, Defendants respectfully refer the Court to that guidance for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

346. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

347. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

348. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

349. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

## COUNT VII
### EEOC's PWFA Abortion Mandate
### Violation of the Free Speech Clause of the First Amendment

350. Defendants incorporate by reference their responses to paragraphs 1-234.

351. This paragraph consists of Plaintiff's characterization of the First Amendment to the U.S. Constitution, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the First Amendment for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

352. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

353. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

354. This paragraph contains Plaintiff's legal arguments and conclusions, to which no

response is required.

355. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

356. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that "CEA members hold views on the debated topic of abortion that differ from the government's views." The remainder of this paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

357. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

358. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

359. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

360. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

361. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

362. This paragraph contains Plaintiff's legal arguments and conclusions, to which no response is required.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint (paragraphs A. through M.) set forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny that current and future Plaintiffs are entitled to the relief requested, or to any relief

whatsoever.

****** 

   Defendants hereby specifically deny each and every allegation in the Complaint not expressly admitted or denied in this Answer, or to which they have responded that they have insufficient information to admit or deny.

Dated: June 3, 2025

Respectfully submitted,

                              YAAKOV M. ROTH
                              Acting Assistant Attorney General

                              DIANE KELLEHER
                              Assistant Director

                              ELIZABETH TULIS
                              Assistant Branch Director

                              JACOB SILER
                              Trial Attorney

                              */s/ Karima A. Ortolano*
                              KARIMA A. ORTOLANO (MA Bar 707575)
                              Trial Attorney
                              United States Department of Justice
                              Civil Division, Federal Programs Branch
                              1100 L Street, NW
                              Washington, DC 20005
                              Telephone: (202) 451-7467
                              Facsimile: (202) 616-8460
                              Email: karima.ortolano2@usdoj.gov

*Counsel for Defendants*